THE STATE v. DAYHUFF.

1. **Criminal Law:** EVIDENCE CONSIDERED. Evidence considered and held insufficient to sustain a conviction of the defendant as an accessory to the crime of robbery.

*Appeal from Montgomery District Court.*

THURSDAY, OCTOBER 21.

DEFENDANT and two others were indicted for robbery, committed by stealing money by force and violence from the person of one McNeil. Upon separate trials the defendants were all convicted, and sentenced to the penitentiary. Defendant Dayhuff appeals.

*A. M. Walters* and *J. M. Bartholomew,* for appellant.

*J. F. McJunkin, Attorney General,* for the State.

BECK, J.—The defendant was convicted as an accessory to the crime for which he was indicted. The only objection made to the judgment is that the verdict is without support from the evidence. The testimony very clearly shows that

one of the other defendants perpetrated the robbery, and one of them was an accessory to the crime. We think the evidence utterly fails to connect defendant with the offense, and fails to show that he had any such knowledge of the purposes or acts of the other defendants as would render him guilty. All that the testimony shows is that defendant, on the night of the robbery, and a short time before it was committed, was in company with the other defendants, and upon that night, or before, one of them, while,in defendant's company, made a declaration which may probably bear an interpretation to the effect that the speaker expressed a purpose of robbing or stealing from some one. But whether defendant so understood the language, or in fact heard it, is not shown. The testimony also shows that defendant, while in company with the persons indicted with him, at the place where the robbery was committed, and more than one hour before, used certain language. It does not appear to whom he was speaking, nor can it be said that the words referred to a crime about to be perpetrated. Indeed, the meaning and subject of the declaration is a matter of inference and conjecture. The declaration is just as consistent with defendant's innocence as with his guilt.

We conclude that the evidence utterly fails to support the verdict. The judgment of the District Court must be

REVERSED.